### H. C. JACKSON *et al.* v. J. D. McCRAY.

No. 12,173. (65 Pac. 227.)

SYLLABUS BY THE COURT.

CONTRACT CONSTRUED—*Pasturing Cattle—Agistor's Lien Held Inferior.* M. entered into a contract with W. to pasture for the latter 1125 head of cattle, to range in J.'s pasture during the season of 1896, at $1.75 per head. The contract contained a provision that out of the first money to become due under the terms of the agreement $1075 should be paid to J., the owner of the land upon which the cattle were grazed, to which he assented in writing at the bottom of the contract. Near the close of the pasturing season, M. turned over to W., the owner of the cattle, all but thirty-one head, without receiving any part of the sum due for pasturage

under the contract. Thirty head remaining in the possession of M. were taken by J., at the instance of W., to the railway station for shipment to market. Before this, J. had assigned to a bank his claim to the $1075 under the contract before mentioned. *Held*, that, in an action of replevin by M. against J., W., the bank, and the railway company, for a recovery of the thirty head of cattle, his claim and lien as an agistor must, under the contract, be postponed to the prior right of J. to the proceeds of the cattle, and that he cannot recover.

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed June 8, 1901. Division two. Reversed.

*Buck & Spencer, L. B. Kellogg*, and *Graves & Dickson,* for plaintiffs in error.

*A. A. Hurd, O. J. Wood*, and *W. Littlefield*, for plaintiff in error the Atchison, Topeka & Santa Fe Railway Company.

*Madden Bros.*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : This was an action of replevin brought by McCray to recover thirty head of cattle, based upon an agistor's lien. It was brought against H. C. Jackson, the owner of the pasture in which the cattle grazed during the summer and fall of 1896, Henry Waldo, the owner of the animals, the railway company, in whose pens they were confined for shipment at the time the action was brought, and W. O. Waymire, cashier of the Madison Bank.

In a written contract made in April, 1896, McCray agreed to pasture for Waldo 1125 head of cattle during the pasturing season of that year, and was to receive, as compensation therefor, the sum of $1.75 per head. The cattle were to be kept in what is desig-

nated as the "Jackson pastures," in Greenwood and Chase counties. The contract contained the following provision :

"Both parties hereto also agree that from the first money that shall become due under the terms of this agreement, as hereinbefore specified, to said second party [McCray] by said first party [Waldo], the sum of $1075 shall be paid H. C. Jackson, the owner of the land mentioned ; such payment being credited as if paid by the first party to the second party of this agreement."

The terms of this agreement were approved by Jackson in writing at the bottom of the contract.

It appeared upon the trial that during September and October, 1896, McCray voluntarily delivered to Waldo all of the cattle received by him under the contract except the thirty head of steers in controversy herein and one more ; and this was done without exacting from Waldo any part of the amount due for the pasturage. The cattle in controversy were worth, at the time this action was commenced, about thirty dollars per head. A considerable part of the cattle received by McCray for pasturing were delivered by McCray to Waldo against instructions by Jackson that possession should not be surrendered until his claim for pasturage was paid.

On September 25, 1896, Jackson assigned to the Madison Bank, by an order on Waldo, in writing, the $1075 due him for pasturage under the written contract herein referred to, and a few days later Waldo agreed, in writing, to pay that amount to the Madison Bank out of the first money coming to J. D. McCray under the contract for pasturing. On October 15 following, Waldo gave written authority to Waymire, cashier of the Madison Bank, to collect and dispose of

any and all of the cattle in controversy, directing him to pay out of the proceeds $804.50 of the amount due H. C. Jackson and J. D. McCray under the provisions of the contract between McCray and himself, dated April 17, 1896.

We are well satisfied that, under the foregoing facts, the plaintiff below ought not to recover. Counsel for plaintiff in error contend that the $1075, which was to be paid to Jackson out of the first money to become due under the terms of the written contract, was not a debt of McCray's, and that the same did not rest upon his part of the contract for payment. They state the case thus :

"Waldo at any time could have tendered McCray his part of the pasturage and recovered all the cattle, and McCray was only required to keep enough cattle to secure his portion of the pasturage. He had no obligation to Jackson to keep any more. Jackson chose to take Waldo instead of McCray as his debtor for the pasture that he rented to McCray. He or his assignee had a right to the $1075 as against Waldo, but not as against McCray."

By the terms of the agreement between Jackson and McCray, above quoted, both Waldo and McCray recognized the existence of an agistor's claim in Jackson to the amount of $1075. He was the owner of the pasture. By the wrongful acts of McCray, his lien was divested by the removal of the cattle until but thirty-one head remained, and these were taken possession of by the former and held until Jackson, acting under the direction of Waldo, took possession, without McCray's consent, and delivered thirty head of them to Waymire, cashier of the Madison Bank. By the conduct of McCray, there was nothing left except the thirty head of cattle in controversy, to which the

agistor's lien of Jackson and himself attached at the time this action was brought.

If the judgment below be affirmed, McCray would hold these cattle or the proceeds subject to the prior claim of Jackson; for by the contract McCray is estopped from disputing the prior right of Jackson to such proceeds. This being true, a denial of the right of recovery to McCray avoids a multiplicity of suits and accomplishes an equitable and just result, agreeable to the contract made by the parties themselves. It would be a breach of the agreement to permit McCray to recover the proceeds of these cattle in this action, for, a redelivery bond having been given, his recovery would be in money, and then say that such proceeds could be withheld by him from application to the payment of Jackson's claim. The contract reads that the first money to become due shall be paid to Jackson. To permit McCray to recover would be to apply the first money paid for pasturing the cattle in violation of the terms of the contract. Furthermore, we think the contract is to be construed that, as between Jackson and McCray, there was an assignment by the latter to the former of the proceeds to the amount of $1075, the payment of which was precedent to McCray's claim.

With this view of the case, the judgment of the court below will be reversed and a new trial ordered.

DOSTER, C. J., POLLOCK, J., concurring.